May Term,
1846.
——————
BOATRIGHT
v.
THE STATE.

BOATRIGHT and Others *v.* THE STATE, on the Relation of
BROWN.

Debt on a constable's bond. Breaches assigned in the replication, 1. That the
constable had neglected and refused to return a certain *fieri facias* ; 2. That
after the levy of such execution, the constable had abandoned the levy, and
had not returned the execution. Rejoinder to the 1st breach, that no such
execution had issued, &c., to the constable, nor had he neglected or refused
to return the same. Rejoinder to the 2d breach, that no such execution had
issued, &c., to the constable. *Held,* that the 1st rejoinder was double, but
that the 2d was unobjectionable.

Monday,
May 25.

APPEAL from the *Marion* Circuit Court.

BLACKFORD, J.—The state, on the relation of *Brown,*
brought an action of debt against *Boatright* and others on a
bond for the payment of money. Plea, that the bond was
conditioned for the performance, by *Boatright,* of his duties
as constable, and that he had performed them. Replication,
assigning the following breaches: 1. That *Brown,* on, &c.,
recovered a judgment against *Stipp,* before a justice of the
peace, for the sum of 22 dollars and 34 cents with interest
and costs; that an execution issued on the judgment directed
to any constable, &c., commanding him that of the goods,
&c., and of said writ to make legal service and due return;
that the writ was delivered to *Boatright* to be executed, &c.;
and that *Boatright* neglected and refused to return the writ,
&c. 2. That said execution was issued on said judgment,
&c., and came into the hands of *Boatright,* &c.; that after-
wards, on, &c., *Boatright* levied the execution on certain
goods, &c., subject to the execution; that he afterwards
abandoned the levy and gave up the property to *Stipp;* and
that he had not returned the writ, &c. Rejoinder to the first
breach, that there was no such execution issued, indorsed,
and delivered to *Boatright,* nor did he neglect or refuse to
return the same, in manner and form, &c. Rejoinder to the
second breach, that there was no such execution issued, in-
dorsed, and delivered to *Boatright* in manner and form, &c.

Demurrer to the first rejoinder for duplicity, because it
puts in issue, 1st, the issuing, &c., of the execution, and,
2dly, the failure to return the same. The second rejoinder

was also demurred to. The demurrers were sustained, and the cause was submitted to the Court without a jury.

The Court found for the plaintiff, and assessed the damages at 19 dollars. Judgment accordingly.

We think the first rejoinder is bad for the cause assigned. The defendants might have averred that there was no such execution as alleged, or they might have averred that the execution had been duly returned. But they could not make both averments. This case is similar to that of *M'Clintick* v. *Johnston et al.* 1 M'Lean's Rep. 414. There appears to be no objection to the second rejoinder, and the demurrer to it ought not to have been sustained.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. Brown*, for the appellants.

*W. W. Wick* and *L. Barbour*, for the appellee.